United States District Court
Southern District of Texas
**ENTERED**
April 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES-THOMAS: ENGLISH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1322 |
| | § | |
| UNITED STATES OF AMERICA, et al., | § | |
| | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

James-Thomas: English, also known as King Semaj of The English Estate, also known as James Thomas English ("English"), has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), concerning criminal charges that were filed against him in Fort Bend County, Texas. English represents himself. He has neither paid the filing fee nor sought leave to proceed in forma pauperis. After considering all of the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

English reports that he is confined at the Fort Bend County Jail,[1] but the record reflects that he is not currently in custody

---

[1] Petition, Docket Entry No. 1, p. 1 ¶ 2(a). All page numbers refer to the pagination imprinted at the top of each docket sheet by the court's Electronic Case Filing ("ECF") system.

there.[2]  Public records from the Fort Bend County Clerk's Office show that English was arrested on March 16, 2023, and charged with a misdemeanor in Fort Bend County Court of Law No. 5 in Case No. 23-CCR-232531 for displaying a fictitious license plate.[3]  Those charges were dismissed on the State's motion on July 18, 2023.[4]

English appears to argue that he was arrested and charged without probable cause.[5]  He further appears to argue that no crime was committed and that the state court had no jurisdiction over him.[6]  He contends that Texas is a "chartered state of the United States Federal Corporation in the Empire of Morocco" and that "Texas comes under the sovereign authority of the Moorish State Government" as a "successor State of Diadematis Illorum Morocco Prius Texas (DIMPT)[.]"[7]  He argues, therefore, that only a "Consular Court" of the "Moorish Government" had jurisdiction over him.[8]

---

[2] Mail returned stamped "NO LONGER HERE," Docket Entry No. 3, p. 2 (confirming that English is not in custody at the Fort Bend County Jail).

[3] See Misdemeanor Complaint in Case No. 23-CCR-232531, available at: https://www.tylerpaw.co.fort-bend.tx.us (last visited April 22, 2024).

[4] See Motion to Dismiss and Order in Case No. 23-CCR-232531, available at: https://www.tylerpaw.co.fort-bend.tx.us (last visited April 22, 2024).

[5] Petition, Docket Entry No. 1, p. 2 ¶ 5.

[6] Id. at 2 ¶¶ 5, 6(c).

[7] Id. at 6 (Grounds Two and Three).

[8] Id. (Ground Three).

English names the following respondents: (1) the United States of America, (2) the State of Texas, (3) the Fort Bend County Jail, (4) Prosecutor Asad Gaddi, (5) the Fort Bend County Sheriff's Office, and (6) the Justice of the Peace.[9] English seeks dismissal of the charges against him in Fort Bend County and an unspecified "remedy for the injury that was caused by being kidnapped" and having his "rights trampled over."[10] He also accuses the respondents of committing "crimes" against him.[11]

## II. Discussion

The writ of habeas corpus provides a remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). To state a claim a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). The Supreme Court has interpreted this statutory language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 109 S. Ct. 1923, 1925 (1989) (citing Carafas v. LaVallee, 88 S. Ct. 1556, 1560 (1968)).

---

[9] Id. at 1.

[10] Id. at 7 ¶ 15.

[11] Id.

English does not satisfy the jurisdictional requirement for federal habeas review because he was not in custody when he filed his Petition. Because the charges for displaying a fictitious license plate were dismissed, English's request for habeas corpus relief also fails to present a "case or controversy" under Article III, § 2 of the Constitution. Spencer v. Kemna, 118 S. Ct. 978, 983 (1998). Therefore, the Petition will be dismissed without prejudice for lack of jurisdiction.[12]

### III. Certificate of Appealability

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). Where

---

[12] To the extent that English seeks other unspecified relief related to his arrest and prosecution, the court notes that he previously filed a civil rights lawsuit against the respondents, which was dismissed with leave to amend on April 16, 2024, for failure to state a non-frivolous claim. See English v. United States of America, et al., Civil Action No. H-24-0282 (S.D. Tex.) (Docket Entry No. 17). Claims such as the ones raised by English are routinely dismissed as frivolous. See Barthelemy-Bey v. Louisiana, Civil Action No. 19-12671, 2019 WL 5430594, at *2 (E.D. La. Oct. 1, 2019) (describing the civil action brought by a Moorish prisoner as "frivolous because the claims are based on a 'sovereign citizen' theory, which is an indisputably meritless legal theory") (citations omitted). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets" by filing duplicative lawsuits. Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). Accordingly, the court does not address any of English's other claims.

denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Id. Because reasonable jurists would not debate whether the petitioner has established the requisite jurisdiction, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 24th day of April, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE